Kathryn Tolbert, doing business as Tolbert Welding Machine Company, a resident of Caddo Parish, Louisiana, instituted suit against the Latex Sand Gravel Company, Incorporated, a Texas corporation authorized to do business in Louisiana, to recover the sum of $533.60, with five per cent per annum interest thereon from June 1, 1943, until paid. Plaintiff alleged she performed labor for defendant by assembling a gravel plant for it at Belcher, Caddo Parish, Louisiana, and has a mechanic's lien on said property. She further alleged that defendant in an attempt to dispose of said property upon which she has a lien and place same beyond the reach of its creditors, has removed same from the State of Louisiana to Texarkana, which is outside the State.
Plaintiff further alleged that there was other property owned by defendant within the jurisdiction of the Court which she fears defendant is about to dispose of, sell or place beyond the reach of its creditors, and that a writ of attachment is *Page 925 
necessary to protect her in the premises. She prayed for a writ of attachment to issue upon her furnishing bond, as required by law, and that the Sheriff be ordered to seize any property of defendant found within the jurisdiction of the Court sufficient to discharge her claim, and finally for judgment in the amount sued for maintaining said writ of attachment.
This suit was filed on July 24, 1943, and under said writ of attachment, the Sheriff seized two Ford dump trucks owned by defendant. No appearance was made by defendant and a default judgment was entered as prayed for on September 25, 1943, and, in accord with said judgment, the trucks were advertised to be sold on October 20, 1943, to satisfy plaintiff's judgment.
On October 19, 1943, H.T. Francis, doing business under the trade name of Francis Equipment Supply Company, a resident of Dallas, Texas, intervened in the suit and alleged that on April 30, 1943, he sold the two trucks under seizure to defendant and, as a part of the purchase price, took a chattel mortgage on each of said trucks, represented by two notes in the amount of $1437.50 each; and that the mortgages were recorded in the Chattel Mortgage Records of Dallas County, Texas. He further alleged that defendant bound himself not to remove the trucks from Dallas County, Texas, but immediately removed them to Caddo Parish, Louisiana. He alleged he had a vendor's lien and chattel mortgage on said trucks to secure the two notes, amounting to $2875, plus legal interest from July 30, 1943, until paid. Intervenor further alleged that as soon as he learned the trucks had been removed to Louisiana, he caused certified copies of said chattel mortgages to be recorded in Caddo Parish, Louisiana. He prayed that the proceeds derived from the sale of the trucks be ordered held by the Sheriff until the priority of the liens claimed by him and the plaintiff be determined by the Court. The Judge of the lower Court signed such an order, the two trucks were sold and the proceeds derived from the sale are now in the hands of the Sheriff of Caddo Parish, Louisiana.
An exception of no cause of action was filed by plaintiff and sustained by the Court giving intervenor the right to amend his petition, which he did. In the amended petition, intervenor alleged that the two chattel mortgages were recorded in Dallas County, Texas, on July 19, 1943, as shown by certified copies of the mortgages and notes, which are attached to the amended petition and made a part thereof. He further alleged that defendant agreed to use the trucks in Texarkana, Texas, and that defendant's agent represented himself as living in Longview, Texas; that the notes are dated Shreveport, Louisiana, only to show the maker's postoffice address for the reason defendant represented to intervenor that payment of the notes would be made from Shreveport, Louisiana, and notices of payment should be mailed him there. He further alleged that the trucks were removed to Shreveport surreptitiously by defendant and without the knowledge or consent of intervenor.
Plaintiff filed an answer to the petition of intervention denying each and every article on November 9, 1943, and on November 10th, the case was set for trial for November 24, 1943. On November 22nd, counsel for intervenor filed a motion for continuance, in which he alleged that he notified intervenor immediately after the case was fixed for trial and further alleged:
"That intervenor was away from Dallas and did not receive word until today, Monday, November 22, 1943, when Mr. H.T. Francis, the owner, telephoned and said he could not possibly be here for trial Wednesday owing to the fact that he has a Government contract for the sale of motor trucks for delivery into Mexico; that through Wednesday there will be agents of the contracting parties from Mexico in Dallas for the removal of the trucks; that, under the Government contract, it would be impossible for him to leave Dallas; that there is no one else who can do the work there; that he cannot cause the parties from Mexico to change their plans.
"5. That H.T. Francis is the sole owner of the intervenor herein and is the real intervenor; that he is also the principal witness for himself.
"6. That at 9:45 A.M., November 22, 1943, the attorneys for the plaintiff were telephoned, the circumstances explained, so that they would have sufficient time to notify any witnesses not to appear."
On November 24th, the day of trial, intervenor filed a supplemental motion for continuance in which he alleged he was unable to prove his case other than by intervenor, who was unable to appear at that time and further alleged: *Page 926 
"That the said witness is unable to appear for reasons unforeseen; that the witnesses did not receive notice of the setting of this case until Monday, November 22nd, owing to the fact that he was away from his residence in Dallas, Texas, where notified, and was unable to disengage himself from business previously arranged in connection with a Government contract supplying motor trucks for use in Mexico.
"4. That when the letter notifying said witness reached Dallas, Texas, the witness was out of town and did not receive it until approximately ten days thereafter.
"5. That intervenor's counsel, as soon as he learned of the setting of the case, promptly notified the witnesses, and has done everything in his power to be prepared for trial.
"6. That the time allotted, between fixing and trial of the case, two weeks, was insufficient to allow for the filing of a rule to take testimony and send depositions to Dallas and be returned here for trial.
"7. That, even if counsel had so endeavored to take depositions, it could not have been returned here in time for trial, owing to the fact that the witnesses were not at their places of residence and were engaged in such labors that they could not abandon.
"8. That by the absent witnesses intervenor would prove that, at the time of the sale of the trucks seized herein, intervenor was told by the defendant that they would be used in the State of Texas, and would offer further evidence to show that the trucks were removed from Texas surreptitiously."
The lower Court overruled the motion for continuance, giving as his reasons the following:
"This matter came before the Court some weeks ago on an exception of no cause of action, which was sustained with leave granted intervenor to amend. It is now before the Court upon the intervention as amended.
"The rule in this Court is that cases are set on Wednesdays for trial the following week, but where parties are non-residents, a two weeks' setting is allowed. This case was set under that latter provision two weeks in advance. The motion for continuance is not sworn to by the intervenor and no facts are alleged showing why the intervenor cannot be present, except that he had to attend to business in Dallas before attending to this action before the Court.
"The motion for continuance is overruled for the further reason that even were the intervenor present the testimony would not be admissible because the terms of the written contract or chattel mortgage show that the purchaser of the trucks, the seizing creditor herein, lived and resided in Shreveport, Caddo Parish, Louisiana, and the chattel mortgage note appears to have been executed at Shreveport, Caddo Parish, Louisiana, and the mortgage contains the provision that the trucks sold should not be removed from the parish in which the purchaser resides, which, in this instance, as shown by the written contract, which is not alleged to have been in fraud or error, was in Shreveport, Caddo Parish, Louisiana. That the written terms of the contract prevail."
On trial of the case, it was proved that defendant corporation did not have a place of business in Texarkana, Texas, but that its plant was located in Texarkana, Arkansas, in Miller County. The only evidence offered by intervenor were the certified copies of the two chattel mortgages and notes. The demands of the intervenor were rejected and he is now prosecuting this appeal.
The sole contention of intervenor in this Court is that the lower Court erred in not granting him a continuance. There is no allegation in intervenor's petition that there was any error or fraud in the confection of the chattel mortgages and notes. The chattel mortgage originally had printed at the top the words — "Texas Chattel Mortgage" and the word "Texas" was exed out. The same thing occurred on the notes, which originally had the word "Texas" printed in the date line. It was also exed out on both notes and "Louisiana" typed in. The chattel mortgage defines the residence of defendant corporation as Shreveport, Louisiana, and provides that the mortgagor shall not remove the property from the county where it resides. The notes are dated Shreveport, Louisiana, April 30, 1943. Although the chattel mortgages were executed on April 30, 1943, they were not filed for record in Dallas County, Texas, until July 19, 1943, and not filed for record in Caddo Parish, Louisiana, until August 11, 1943, and after plaintiff had secured the property by attachment. *Page 927 
Under the above facts and lack of allegations of error or fraud, the lower Court was of the opinion the testimony of intervenor would have been inadmissible to change the written chattel mortgage. We are of the opinion it was correct and that to have granted a continuance would have been a vain thing and could not have changed the outcome of the suit. We are also of the opinion that there was insufficient showing made by the intervenor for his failure to be present. We can make no more out of the allegations giving intervenor's reasons for not being present in Court than that he had sold some trucks to the United States Government and was to deliver them on the day this case was set for trial. It is not alleged that he was in the Government's employ and thereby prevented from being present. If he felt that his business dealings with the Government were of more importance and more beneficial to himself than attending Court and prosecuting his claim, that was his affair and not a matter for the Court. Courts cannot and do not await the convenience of litigants who come into Court as to the time of trial of their complaints when there is no agreement to that effect by counsel for the different litigants.
We also seriously doubt if due diligence has been shown in this case. Counsel for intervenor states that he addressed a letter to intervenor two weeks before the day of trial. He received no reply and did not follow the matter up to see if the letter had been received until he was called by telephone only two days before trial. There is no affidavit by intervenor to the effect he did not receive the letter, and a mere statement sworn to by counsel that intervenor told him over the telephone that he did not receive the letter until two days before trial is, in our opinion, not sufficient.
There is no legal ground for continuance shown by intervenor and his only chance for a continuance until such time as it would have been more convenient for him to appear at Court was through the courtesy of opposing counsel in agreeing to a continuance. When this favor was not extended, intervenor was without legal recourse under his allegations and the facts shown by this record.
The judgment of the lower Court is correct and is affirmed, with costs.
 *Page 104